IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BONNIE RAPE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:04-CV-225 |
| | § | |
| MEDTRONIC, INC., ET AL. | § | |

MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S
ORDER ON PLAINTIFF'S MOTION TO REMAND

Asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendant Medtronic, Inc. ("Medtronic"), filed a notice of removal on November 1, 2004. The case was referred to United States Magistrate Judge Judith Guthrie for all pretrial matters in accordance with 28 U.S.C. § 636. Plaintiff filed a Motion to Remand on November 30, 2004, seeking to remand this lawsuit to the 159th/217th Judicial District Courts of Angelina County, Texas. The motion to remand was granted by Judge Guthrie on January 11, 2005. Medtronic subsequently filed objections to the order granting remand on January 27, 2005, which is the subject of this Order. *See* Doc. # 12.

**Background**

This lawsuit concerns a medical device referred to as a Model 3031 Interstim Sacral Nerve Stimulator that was implanted in Plaintiff on September 10, 2001, at Memorial Hospital in Lufkin, Texas. Plaintiff alleges that the device malfunctioned, causing severe and permanent injuries. Medtronic allegedly designed, manufactured, marketed and sold the device in a defective condition, thereby causing Plaintiff's injuries. Defendant Jason Severn, a sales representative of Medtronic, sold the device at issue that was implanted in Plaintiff. The complaint alleges that the "Defendants," which would include Medtronic and Severn, knew or should have known of the unreasonably dangerous condition of the device and failed to correct the problem or warn her.

In the notice of removal, Medtronic asserted that there is federal jurisdiction in this case pursuant to both 28 U.S.C. §§ 1331 and 1332. Medtronic asserted that there is federal question jurisdiction because the Medical Device Amendments to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301-392 ("MDA") preempts Plaintiff's state law product liability claim. Medtronic further argued that there is diversity jurisdiction because Plaintiff fraudulently joined Severn to destroy diversity jurisdiction. In her Order, the Magistrate Judge concluded that Medtronic has not shown complete preemption to support its assertion that removal was proper based upon federal question jurisdiction and that Medtronic did not meet its burden of showing that Severn was improperly joined. Medtronic's objections to the Magistrate Judge's Order only address the finding that Medtronic did not meet its burden of showing that Severn was improperly joined.

**Discussion**

Medtronic submits that the Magistrate Judge erred in failing to find that Severn was fraudulently joined. Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A), a district judge may set aside all or part of a magistrate judge's order on a pretrial matter if it is shown that the magistrate judge's order is clearly erroneous or contrary to law.

*Fraudulent Joinder Standard*

To prove fraudulent joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). All issues of material fact and ambiguities of law are resolved in favor of the non removing party. *Griggs v. State Farm Lloyds*, 181 F.3d, 694, 699 (5th Cir. 1999). There is no claim of actual fraud in this case, so the court must examine plaintiff's original complaint in state court to determine whether she may be able to establish a cause of action against Severn. *Griggs*, 181 F.3d at 699.

Plaintiff cannot avoid removal by pointing to "a mere theoretical possibility of recovery under local law." *Travis*, 326 F.3d at 648. There must arguably be a reasonable basis for predicting that she might be able to establish Severn's "liability **on the pleaded claims** in state court. *Griggs*, 181 F.3d at 699 (emphasis added). Fraudulent joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non diverse defendant. *Griggs*, 181 F.3d at 699.

Generally, the existence of diversity jurisdiction is determined from the record at the time the notice of removal is filed. A court has the discretion to utilize a "summary judgment type procedure" to determine fraudulent joinder. *See Griggs*, 181 F.3d at 699-700, but Judge Guthrie did not do that in this case.

*Plaintiff's claims Against Severn*

Medtronic argues in its objections, as it did before Judge Guthrie, that Plaintiff has not stated a claim against Severn under the Texas Civil Practice and Remedies Code section 82.003(6).

Plaintiff's Original Petition, filed in Angelina County on October 1, 2004, alleges that Severn was a sales representative for Medtronic and that Severn sold the device at issue that was implanted in Plaintiff. She complains that the device malfunctioned and failed to operate as represented, causing severe and permanent injuries. Plaintiff further alleges in the complaint that, "Defendants knew or should have known of the unreasonably dangerous condition of the Medtronic product in question and neither corrected or warned Plaintiff of it." The only reasonable interpretation of the term "Defendants," as used in the complaint, is as a reference to both Medtronic and Severn, as they are the only two named defendants in this lawsuit. Plaintiff further states that she, "did not have knowledge of the dangerous condition or of Defendants' failure to correct the condition and could not have been reasonably expected to discover it."

Plaintiff also states that in paragraph VII that "the acts and/or omissions of Defendant Medtronic, their agents, servants, employees, and representatives, constituting negligence include, but are not limited to, the following: . . . (4) In failing to warn customers of the dangerous condition presented by the Interstim Sacral Nerve Stimulator, Model 3031 as a reasonably prudent person exercising ordinary care would have done under the same or similar circumstances." While this may not be the most artful pleading against Severn, Plaintiff had alleged in Paragraph II that Severen is a sales representative of Medtronic.

In its objections, Medtronic relies heavily upon the case of *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256 (5th Cir.1995). The *Cavallini* case is distinguishable, however, because the individual in-state defendant in that case was only named in a paragraph providing information for purposes of service. In this case, Severn is specifically named in the body of the complaint as the sales representative that sold the device that was implanted, and allegations of failure to warn are made. As stated previously, factual allegations must be viewed in the light most favorable to Plaintiff. If an individual employee personally commits an act of negligence which harms a plaintiff, he may, under Texas law, be liable even though he is working for a corporation, and the corporation is also liable under the doctrine of respondeat superior. However, an individual employee's liability arises only when the employee owes the Plaintiff an independent duty of reasonable care, apart from the jointly sued corporation. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996). Here, taking the facts in the light most favorable to the Plaintiff, there is a reasonable possibility that a state court would find that Severn violated an independent duty he owed to Plaintiff. Therefore, Plaintiff has stated a cause of action against Severn and Medtronic has failed to prove that Severn's joinder was improper.

Medtronic also argues in detail that Severn could not be liable under a product liability theory

because no claim is stated under Tex. Civ. & Prac. Code. §82.001 et. seq., and that, even if Plaintiff has stated a claim under § 82.003, Severn is not a "seller." Although the complaint does not specifically cite the statute, Tex. Civ. Prac. & Rem. Code § 82.003, Medtronic has failed to show that the allegations contained in the complaint fail to state a claim under Texas product liability law.[1]

Medtronic has provided an extensive legislative history of the statute, but no authoritative Texas cases on point.[2] In evaluating a claim of improper joinder, any uncertainties in state law must be resolved in favor of Plaintiff. *Rodriguez*, 120 F.3d at 591. Medtronic has not shown that it is clear under Texas law that a sales representative of a manufacturer, who might be some type of independent contractor or retailer, and not an employee, can never be considered a seller as defined in §82.001.[3] It is true that Plaintiff did not state in detail the relationship between Medtronic and Severn, and did not elucidate on exactly what, if any, contact Severn had with Plaintiff. But, Defendants have not indicated (as they could have if they wished the court to pierce the pleadings under *Griggs)* that Severn was a mere corporate employee who never had any contact with Plaintiff and never transmitted any information to Plaintiff, or intended for Plaintiff to receive the information Severn did transmit.

For these reasons, the Court finds that Medtronic has not met its burden of showing that there is no reasonable basis to predict that Plaintiff might be able to recover against Severn. Having reviewed the pleadings, this court finds that Medtronic has not shown that Judge Guthrie's Order

---

[1] Pursuant to § 82.003(6), for example, a seller that did not manufacture the product may be liable if the seller knew of a defect to the product when the seller supplied the product and harm resulted to the claimant.

[2] *See, e.g., Koken v. Auburn Manufacturing, Inc.*, 341 F.Supp.2d 20 (D.Maine Oct. 15, 2004). Arguments and evidence on matters referred to a Magistrate Judge are to be timely presented to the Magistrate Judge for her review and should not be added only when the issue is submitted to the District Judge to review the Magistrate Judge's decision or recommendation without good cause. *Id*.

[3] Even if this court could predict from the legislative history that such opinions will be forthcoming from the Texas Supreme Court, Defendant still has not shown how there is no reasonable basis to predict that Plaintiff could not recover against Severen on a failure to warn theory.

granting the motion to remand is clearly erroneous or contrary to law.

**THEREFORE, IT IS ORDERED** that Defendant Medtronic, Inc.'s Objections to Magistrate's Order on Plaintiff's Motion to Remand **[Doc. # 12]** are **OVERRULED**.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand **[Doc. # 7]** is **GRANTED** and the case **SHALL BE REMANDED** to the 159th/217th Judicial District Court of Angelina County, Texas.

So **ORDERED** and **SIGNED** this **19** day of **May, 2005.**

_____
Ron Clark, United States District Judge